**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**LEXINGTON**

**CIVIL ACTION NO. 07-310-JBC**

**MELISSA JOHNSON, ET AL.,**                                              **PLAINTIFFS,**

**V.**                              **MEMORANDUM OPINION AND ORDER**

**PROGRESSIVE NORTHERN**
**INSURANCE COMPANY,**                                              **DEFENDANT.**

* * * * * * * * * *

This matter is before the court on the plaintiffs' motion to remand (DE 5). The court, having reviewed the record and being otherwise sufficiently advised, will deny the plaintiffs' motion.

The plaintiffs, Melissa Johnson and Willie Johnson Construction, Inc. ("WJC"), brought this action in Madison Circuit Court against Progressive Northern Insurance Company ("Progressive"). Johnson claims she is a third-party beneficiary of an insurance policy WJC purchased through Progressive. The policy includes underinsured motorist coverage, but Progressive denied Johnson's claim under that provision following her March 17, 2007, injury. The plaintiffs assert claims against Progressive for breach of contract, a tort, a violation of the Kentucky Consumer Protection Act, and a violation of Kentucky's Unfair Claims Settlement Practices Act. The defendant removed the case to this court on September 26, 2007, based upon diversity of citizenship between the parties. The plaintiffs are citizens of Kentucky, and Progressive is incorporated in Wisconsin and its principal place of

business is in Ohio.  The plaintiffs now move to remand the action to state court.

As the removing party, the defendant bears the burden of proving the existence of federal jurisdiction.  *See Eastman v. Marine Mechanical Corp.,* 438 F.3d 544, 550 (6th Cir. 2006)*; Long v. Bando Mfg. of Am. Inc.*, 201 F.3d 754, 757 (6th Cir. 2000).  Removal statutes are construed narrowly, and doubts about the propriety of removal are resolved in favor of remand.  *See Long*, 201 F.3d at 757*.*  For the court to have diversity jurisdiction, the citizenship of all plaintiffs must be different from that of all defendants. 28 U.S.C. § 1332; *SHR Ltd. Partnership v. Braun*, 888 F.2d 455, 456 (6th Cir. 1989).  If the court lacks subject matter jurisdiction at any time before final judgment, then the case must be remanded.  28 U.S.C. § 1447(c).

The plaintiffs argue that Progressive is deemed a citizen of Kentucky under an exception in the statute that defines a corporation's citizenship.  *See* 28 U.S.C. § 1332(c)(1).  A corporation is a citizen of the state where it is incorporated and the state where it has its principal place of business, except that in certain situations an insurer is also deemed a citizen of the insured's state.  The exception applies "in any direct action against the insurer of a policy or contract of liability insurance, . . . to which action the insured is not joined as a party-defendant[.]"  *Id.*  According to the plaintiffs, this exception applies to Progressive, deeming it a Kentucky citizen and destroying complete diversity of citizenship among the parties.

The defendant responds that the exception does not apply in this situation

because Kentucky does not allow direct actions and because this case is not a direct action.  The statutory exception applies to "direct actions" brought under a state law allowing an injured party to sue the insurance company directly without suing the insured party.  *Adams v. Estate of Keck*, 210 F. Supp. 2d 863, 865-66 (W.D. Ky. 2002).  A direct action against an insurer for a liability claim is not authorized under Kentucky law.  *Id.* (citing *State Auto. Mut. Ins. Co. v. Empire Fire & Marine Ins. Co.*, 808 S.W.2d 805, 807-08 (Ky. 1991) ("In ordinary circumstances, an injured party must first obtain judgment against the opposing party defendant and then seek enforcement of the judgment rendered in an action against the defendant's indemnitor.")).  The exception found within 28 U.S.C. § 1332(c) was intended to apply in states with statutes allowing direct actions.  *See Henderson v. Selective Ins. Co.*, 369 F.2d 143, 149 (6th Cir. 1966).  The plaintiff argues that the application of the exception has been expanded to encompass cases beyond just those it was created to address, and should be interpreted to limit the jurisdiction of the district court.  *See Ford Motor Co. v. Ins. Co. of N. Am.*, 669 F.2d 421, 424-25 (applying Michigan law).  However, the cases cited by the plaintiff address the laws of states that have "direct action" statutes.  The exception does not apply to the present matter because Kentucky does not have a law allowing the "direct actions" referenced in the statute.

In this case, the plaintiff, Johnson, is not just the injured party but is also the

3

insured party.[1]  The exception is not applied where an insured is suing her own insurance carrier, because that would preclude diversity jurisdiction in all common insurance disputes.  *Lee-Lipstreu v. Chubb Group of Ins. Companies*, 329 F.3d 898, 899 (6th Cir. 2003).  If the insurer is deemed a citizen of the same state as the insured, then there would never be diversity jurisdiction in such cases.  *Id.* at 899-900.  The direct-action exception may apply in some cases where an insured is suing an insurer, but "when an injured party sues her own uninsured motorist carrier, it is not a direct action."  *Id.* at 900.  Therefore, the present matter is not a "direct action" for purposes of the statutory exception in § 1332(c).  Additionally, Johnson is suing Progressive for its actions regarding her claim, including Progressive's failure to make a good-faith attempt to settle her claims.  Since those claims are based on the insurer's own actions, rather than the actions of the insured, the rationale for having the insurer adopt the insured's state citizenship does not apply.

The statutory exception does not apply in this case, and Progressive is not deemed to adopt the citizenship of the insured.  Thus, removal based on diversity jurisdiction was proper and the court will not remand the action to state court.  Accordingly,

**IT IS ORDERED** that the plaintiffs' motion to remand (DE 5) is **DENIED**.

---

[1] WJC, also a plaintiff in this action, is the named insured on the insurance policy through Progressive.  Johnson claims to be a third-party beneficiary of that policy.

4

**IT IS FURTHER ORDERED** that the parties shall conduct a Rule 26 meeting and file a report within 30 days of this order, in accordance with the court's October 2, 2007, order for meeting and report (DE 4).

Signed on March 13, 2008

JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY