UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION

**CIVIL ACTION NO. 07-310-JBC**

**MELISSA JOHNSON,**                                                                                       **PLAINTIFFS**

and

**WILLIE JOHNSON CONSTRUCTION, INC.**

**V.**             **MEMORANDUM OPINION AND ORDER**

**PROGRESSIVE NORTHERN INSURANCE COMPANY,**                              **DEFENDANT**

\* \* \* \* \* \* \* \* \* \*

This matter is before the court upon the parties' cross-motions for summary judgment (R. 19, 20). The court will deny the motions due to genuine issues of material fact surrounding the incident involving the plaintiff, Melissa Johnson.

In February 2006, the defendant issued a commercial automobile insurance policy to Willie Johnson Construction, Inc., owner of a 2004 Chevrolet Silverado (Silverado). The policy included an uninsured motorist coverage endorsement stating that if the named insured on the policy's declarations page is a corporation, partnership, organization, or any other entity that is not a natural person, then an "insured" is:

>   (i)   any person occupying [the] insured auto or a temporary substitute auto or in reasonable proximity to an insured auto or temporary substitute auto while engaged in an act essential to the use of the insured auto or temporary substitute auto as a motor vehicle at the time of the accident; and
>   (ii)  any person who is entitled to recover damages covered by this endorsement because of bodily injury sustained by a person described in (i) above.

*See* R. 19, Ex. 3.

Approximately one month later, on March 17, 2006, in a parking lot in downtown Lexington, Kentucky, Melissa Johnson was struck by a vehicle driven by Ashley Moncrief. The incident occurred somewhere in the vicinity of a different vehicle that Melissa Johnson claims was the Silverado. Melissa Johnson settled her claims against Moncrief and various insurance carriers. In September 2007, she filed suit against the defendant. According to the insurance policy on the Silverado, Melissa Johnson was insured by the defendant if she was occupying or in reasonable proximity to the Silverado while engaged in an act essential to its use as a motor vehicle. She claims that she was attempting to enter the Silverado at the time of the incident. *See* R. 19. Citing previous statements by Melissa Johnson and witnesses to the incident, the defendant claims that she was walking, and was not near the Silverado at the time of the accident. *See* R. 20.

Under Kentucky law, "the construction of an insurance contract provisions [comprises] questions of law for the court, unless disputed facts are involved." *Hanover Ins. Co. v. American Eng'g Co.*, 33 F.3d 727, 730 (6th Cir. 1994) (citing

*Perry's Adm'x v. Inter-Southern Life Ins. Co.*, 71 S.W.2d 431, 433 (Ky. 1934)). "The fact that both parties have moved for summary judgment does not mean that the court must grant judgment as a matter of law for one side or the other; summary judgment in favor of either party is not proper if disputes remain as to material facts . . . ." *Taft Broadcasting Co. v. United States*, 929 F.2d 240, 248 (6th Cir. 1991) (citing *Mingus Constructors, Inc. v. United States*, 812 F.2d 1387, 1391 (Fed. Cir. 1987)). Each movant has come forward with more than a scintilla of evidence, and enough on which a jury could reasonably find in its favor on the issue. *See* R. 19, 20; Fed. R. Civ. P. 56(e); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986); *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989).

Genuine issues of material fact in the coverage dispute include but are not limited to whether, at the time of the accident, the vehicle that Melissa Johnson claims that she was attempting to enter was, in fact, the Silverado; whether she was occupying or in reasonable proximity[1] to the Silverado; and whether she was engaged in an act essential to the use of the Silverado as a motor vehicle. *See* Fed.

---

[1] In the complaint, Melissa Johnson alleges that she was a "pedestrian" in the parking lot at the time of the incident. *See* R. 1, Attach. 1. In an affidavit filed with her motion for summary judgment, she states that she was "attempting to enter the truck" at the time of the incident. *See* R. 19, Ex. 4. In its motion, the defendant argues that "[a] party may not create a factual issue by filing an affidavit, after a motion for summary judgment has been made, which contradicts her earlier deposition testimony." *Reid v. Sears, Roebuck & Co.*, 790 F.2d 453, 460 (6th Cir. 1986). However, even if the affidavit had not been filed, Melissa Johnson's reasonable proximity to the vehicle would still be in dispute.

R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

Accordingly,

**IT IS ORDERED** that the plaintiffs' motion for summary judgment (R. 19) and the defendant's cross-motion for summary judgment (R. 20) are **DENIED**.

Signed on  January 5, 2010

JENNIFER B. COFFMAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY