**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON**

**CIVIL ACTION NO. 07-310-JBC**

**MELISSA JOHNSON, ET AL.,**                                                  **PLAINTIFFS,**

**V.**                   **<u>MEMORANDUM OPINION AND ORDER</u>**

**PROGRESSIVE NORTHERN
INSURANCE COMPANY,**                                                      **DEFENDANT.**

\* \* \* \* \* \* \* \* \* \*

This matter is before the court upon Defendant Progressive Northern Insurance Company's motion for partial summary judgment (R. 38). The court will deny the motion because there is a genuine dispute of material fact as to whether Plaintiff Melissa Johnson was engaged in an act essential to the use of the insured auto as a motor vehicle at the time the incident giving rise to this matter occurred, and because Johnson is not required to establish a causal relation or connection between her injury and the use of the insured vehicle in order to be deemed an insured for coverage purposes.

On March 17, 2006, Johnson drove a Chevrolet Silverado owned by Willie Johnson Construction, Inc., into downtown Lexington and parked in a parking lot near Rupp Arena. She left the Silverado in the parking lot while attending a basketball game. After Johnson returned to the parking lot, but before she reached or physically entered the Silverado, she was struck by another vehicle and suffered serious injuries. Johnson sought underinsured motorist ("UIM") benefits from

Progressive Northern.

Progressive Northern had issued the commercial automobile insurance policy that covered the Silverado to Willie Johnson Construction in February 2002. Under this policy, UIM benefits are available to any person who qualifies as an "insured." The policy relevantly defines "insured" as "any person occupying [the] insured auto . . . or in reasonable proximity to [the] insured auto . . . while engaged in an act essential to the use of the insured auto . . . as a motor vehicle at the time of the accident." Progressive Northern's motion for partial summary judgment asserts that, as a matter of law, Johnson was not engaged in an act essential to the use of the insured auto as a motor vehicle, and also that Johnson cannot show a required causal relation or connection between her use of the vehicle and her injury.

Whether Johnson was using the Silverado as a motor vehicle is a question for a jury. Kentucky law provides that "use of a motor vehicle," for purposes of an automobile insurance policy, "means any utilization of the motor vehicle as a vehicle including occupying, entering into, and alighting from it." KRS § 304.39-020. The parties characterize the facts giving rise to Johnson's injuries quite differently, but Johnson asserts that at the time she was struck, she was within eighteen inches of the Silverado, keys in hand, preparing to enter. Accepting these facts and liberally construing the insurance policy, *see Kentucky Farm Bureau v. McKinney*, 831 SW2d 164 (Ky. 1992), a jury could reasonably find that Johnson was in the process of entering the Silverado when she was struck. Summary

judgment is therefore inappropriate on this issue.

Progressive Northern also incorrectly asserts that because the insurance policy in question is a commercial policy rather than a personal policy, Johnson must establish "a causal relation or connection between the injury and the use of the insured vehicle" to be deemed an "insured" on the policy. *McKinney*, 831 SW2d at 168. This aspect of *McKinney* is distinguishable on its facts, based on the differences between the insurance policy at issue in *McKinney* and that in the case at hand. In *McKinney*, the pregnant driver of an insured pickup truck, who was not the named insured on the policy, had run the truck into a culvert where it became stuck with the bed of the truck obstructing the road. *Id*. at 165. The driver left the truck and walked between 130 and 200 feet up the road to warn oncoming motorists of the obstruction when she was struck by another vehicle and killed. *Id*. The insurance policy at issue in *McKinney* provided UIM benefits only to "any other person while occupying an insured automobile." *Id*. at 166.

Construing the policy in accordance with the principles that insurance contracts should be liberally construed to resolve all doubts in favor of the insureds and that exceptions and exclusions should be strictly construed to make insurance effective, *see McKinney* at 166, the Court adopted a four-part test to determine whether a person is "occupying" a vehicle for purposes of UIM coverage:

> (1) There must be a causal relation or connection between the injury and the use of the insured vehicle;

3

(2) The person asserting coverage must be in a reasonably close geographic proximity to the insured vehicle, although the person need not be actually touching it;

(3) The person must be vehicle oriented rather than highway or sidewalk oriented at the time; and,

(4) The person must also be engaged in a transaction essential to the use of the vehicle at the time.

*Id*. at 168. Using this test, the court found that even though the driver of the vehicle was up to 200 feet away at the time she was struck, her conduct indicated that she was still "occupying" the vehicle for UIM coverage purposes. *Id.*

The instant insurance policy has negated any need to engage in an analysis of whether Johnson was "occupying" the vehicle, and the commercial nature of the policy is irrelevant. The policy expressly covers any person either occupying or "in reasonable proximity to" the insured vehicle. Johnson asserts that she was walking toward the Silverado with intent to enter, and was within eighteen inches of the vehicle when she was struck. Progressive Northern asserts that the policy "tracks Kentucky case law," and cites *McKinney*. R. 38 at 4. Eighteen inches is within reasonable proximity to the vehicle, particularly when considered in light of the use of the term "reasonable proximity" in *McKinney* to encompass a distance of up to 200 feet. 831 SW2d at 167.

Because Johnson was within reasonable proximity to the vehicle, she meets

this requirement of the insurance policy's coverage without need to determine whether she was occupying the vehicle at the time of the accident. The commercial nature of the policy, and that the policy does not list Johnson personally, are immaterial to this inquiry because the plain meaning of the terms "any person . . . in reasonable proximity to [the vehicle]" in the policy encompass Johnson in regard to this aspect of coverage. Johnson is not required to establish a causal relation or connection between her injury and the use of the insured vehicle in order to be deemed an insured for coverage purposes.

For the foregoing reasons,

**IT IS ORDERED** that Progressive Northern's motion for partial summary judgment (R. 38) is **DENIED**.

Signed on  June 15, 2011

JENNIFER B. COFFMAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY